IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DONNIE SINGLETON                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 4:09cv55-LRA

CARLA HORNE, ET AL                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The parties appeared and participated in an omnibus hearing before the undersigned

United States Magistrate Judge on the 10th day of August, 2009.  Plaintiff Donnie Singleton

gave sworn testimony regarding his claims in the Complaint he filed against Defendants

Carla Horne, Ashley Nelson, Willie Bookert, and Lee Carmichael.

The Court scheduled this hearing to function as a scheduling/case management

conference, a discovery conference, and as a pretrial conference.  The hearing was also

conducted in order to more closely screen Plaintiff's factual allegations and determine if

they are sufficient to maintain the case under 28 U.S.C. § 1915(e)(2).  This statute requires

the Court to dismiss a prisoner complaint when it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, or, it seeks monetary relief from a defendant who

is immune from such relief.

After the omnibus hearing was conducted, Defendants filed a Motion for Summary

Judgment, attaching as exhibits the omnibus hearing transcript [Exhibit 1]; the Affidavit of

Sandra Atwood, R.N., along with Plaintiff's medical records [Exhibit 2]; and, the Affidavit

of Dr. Rolando Abangan, MD [Exhibit 3].

Having carefully reviewed the complaint, the sworn testimony of Plaintiff at the omnibus hearing and his medical records, the Motion for Summary Judgment and the accompanying exhibits, as well as the applicable law, the Court finds that Singleton's claims are insufficient in law to state a cause of action under §1983.  The case shall be dismissed for failure to state a claim upon which relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2).  Further, there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law.  Singleton's complaint will be dismissed for the reasons set forth below.

## STANDARD OF LAW

Under Federal Rule of Civil Procedure 56, summary judgment is only appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c). This language requires the "entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## PLAINTIFF'S ALLEGATIONS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the custody of the Mississippi Department of Corrections ["MDOC"] at the

Delta Correctional Facility in Greenwood, Mississippi.  Plaintiff sues these Defendants due to the circumstances regarding the period of time he was housed at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi.  Plaintiff was housed there only from December 23, 2008, until July 2009.  He was then transferred to the Holmes-Humphrey County Correctional Facility in the weeks before the August 2009 omnibus hearing.

  According to Plaintiff's sworn testimony, an incident had occurred at Parchman in 2005 wherein several inmates were stabbed.   Inmates involved in the fights were transferred to different penal facilities throughout the state.  Two inmates involved in the incident were killed, Stanley Johnson [at EMCF] and Dennis Obert [at Jefferson County]. After Plaintiff was transferred to EMCF in December, 2008, he felt that his life was in danger at that facility.  Members of the Black Gangster Disciples had put out a "hit" on him, and he believed he would be killed.  Several of the inmates involved in the earlier incident were also housed at EMCF, and Plaintiff believed they would carry out the threat to kill him.  Plaintiff concedes that he was never actually injured by the inmates he feared but contends that he suffered from severe mental stress and strain due to his housing.

     Plaintiff also sued over the medical treatment he received for torn cartilage in his knee.   Although he was treated with deep heating rub by the nurses at the EMCF clinic, EMCF refused to allow him to have surgery on his knee.

Plaintiff sued Ashley Nelson, his case manager and a member of his commitment team, because she refused to do anything about these problems.  She would not help him get a transfer and would not help him get knee surgery.   He sued Carla Horne, a member of the commitment team, because she knew about his knee injury and refused to help him get medical attention.  She should have made certain that he was never sent to EMCF because he did not have psychiatric problems. She also knew that he feared for his life but yet she did nothing to help.

Plaintiff sued Willie Bookert, the unit manager, because he stopped Plaintiff from filing an ARP regarding these problems.  He sued Lee Carmichael, the legal claims adjudicator of the Administrative Remedy Program, because she prevented him from getting his Third Step Response for his ARP.

According to Plaintiff, he was been subjected to involuntary slavery by being housed with mental patients who scream, beat other inmates, talk to themselves, answer when no one has called them, and refuse to clean after themselves.

## ANALYSIS OF THE LAW

### 1.   Failure to Protect

Plaintiff contends that he was housed in unsafe conditions, and that he should never have been sent to EMCF because he was not mentally ill.   Where a prisoner is housed, or how he is classified,  is not a issue for this Court, as the United States Constitution does not recognize a protectable liberty or property interest in the custodial classification of inmates.

*Harper v. Shows*, 174 F.3d 716, 719 (5th Cir. 1999), citing *Whitley v. Hunt*, 158 F. 3d 882, 889 (5th Cir. 1998);  *Meacham v. Fano*, 427 U.S. 215 (1976).   For that reason, this Court cannot interfere with MDOC's decision to house Plaintiff at EMCF, regardless of whether or not he is mentally ill and regardless of what other inmates are housed at EMCF.

Prison officials do have a duty under the Eighth Amendment to protect prisoners from violence by other inmates.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002).  Yet to establish a failure-to-protect claim under section 1983, Plaintiff must show that he is/was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference."  *Newton*, 133 F.3d at 308 (quoting *Farmer*, 511 U.S. at 837).

In Plaintiff's case, he was transferred from EMCF, and away from the inmates he feared, before any harm occurred.  The Court finds that the mere fear of an attack happening is insufficient to establish a failure-to-protect claim.  Plaintiff was not injured and has suffered no damages.  Any damages resulting from his mental distress for being worried about being attacked are not cognizable under the law.  Regardless of whether his fears were justified, there can be no constitutional violation if he was not harmed.

## 2. **Medical Claims**

Plaintiff contends that he was denied constitutionally adequate medical care by these

Defendants because they failed to allow him surgery for the torn cartilage in his knee.  In

addition to Plaintiff's medical records, the Court has also considered the Affidavits of

Sandra Atwood, R.N., and Dr. Rolando T. Abangan.  The information contained in these

records and affidavits has not been rebutted by Singleton with competent evidence.

According to Ms. Atwood, none of the Defendants named by Plaintiff had any

authority to decide what medical care was necessary or would be provided to Plaintiff.  The

only exception is that Defendant Horne, a mental health counselor for Plaintiff, could have

had involvement in some aspects of his mental health care.  None of these Defendants

would have any authority to obtain knee surgery for Plaintiff; such medical decisions are

made by the EMCF medical staff and could not be overridden by the EMCF security or

administrative staff, according to Ms. Atwood.  Ms. Atwood reviewed the medical records

of Plaintiff in her affidavit.  The records confirm that Plaintiff received medical treatment

during the period he was at EMCF at least three times; he was treated on each occasion that

he filed a sick call request.

In his Affidavit, Dr. Abangan confirmed that Plaintiff received care which was

medically appropriate and consistent with his medical needs while he was housed at

EMCF.  According to Dr. Abangan, he and the nursing staff provided all Plaintiff's medical

care, including care for his knee.  Dr. Abangdan stated that on April 20, 2009, when

6

Plaintiff filed this lawsuit, there was no medical evidence that he needed knee surgery.

Conservative care was prescribed when Plaintiff complained of knee pain, but Plaintiff was

not compliant with his care.  Dr. Abangdan confirmed that none of the named Defendants

had any involvement in the medical decisions regarding Plaintiff's knee.

Deliberate indifference to a prisoner's serious medical needs is an actionable Eighth

Amendment violation under §1983.  *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976).  The

standard for finding "deliberate indifference is a subjective inquiry."  *Farmer v. Brennan*,

511 U.S. 825, 834 (1994), cited in *Lawson v. Dallas County*, 286 F.3d 257 (5th Cir. 2002).

Plaintiff must show that the prison officials were actually aware of a risk of harm to him,

yet consciously disregarded or ignored it.  *Id.*

In this case, there can be no contention that Plaintiff's complaints were ignored, as

he was examined each time he requested care by the medical providers at EMCF.  He

simply disagrees with the care they provided, as he wanted to have surgery on his knee.

Case law from the Fifth Circuit confirms that a prisoner is not entitled to his *choice* of

treatments.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006);  *Mayweather v. Foti*,

958 F.2d 91 (5th Cir. 1992).

The medical evidence submitted by the parties confirms that Plaintiff was provided

conservative, non-surgical treatment for his knee.  Whether he was provided surgery was a

matter for medical judgment, and Dr. Abangdan's judgment cannot be second-guessed by

the Court.  Dr. Abangdan certainly did not refuse to treat him or ignore his complaints or

7

purposely provide the wrong treatment.  Nor can Plaintiff show that he faced a "substantial risk of serious bodily harm" if surgery was not performed.

The Court finds that Plaintiff has not stated a cause of action regarding his medical care against any official at EMCF, including his medical providers.  But his claims must certainly fail against these named Defendants, none of whom had any authority to intervene in medical decisions regarding Plaintiff.  For this reason, the claims against these Defendants regarding his medical care shall be dismissed with prejudice.

**3.     Other Claims**

Plaintiff contends that Defendant Horne should have gotten him a transfer and did not.   He also contends that Defendant Nelson refused to help him be transferred.  Because he has no constitutional right to be placed in a specific prison, these claims shall be dismissed as frivolous.

Plaintiff contends that his complaints regarding his medical issue were stopped by Defendants Bookert and Carmichael.  Because the dismissal of Plaintiff's claims is not based on his failure to exhaust these administrative remedies, Plaintiff has not been harmed by inaction regarding his ARP.  He is no longer housed at EMCF; no injunctive relief would be appropriate.  These claims shall also be dismissed as frivolous.

**CONCLUSION**

The Court finds that there are no genuine issues as to any material fact in this case, and Defendants are entitled to a judgment at law.  Accordingly, Defendants' Motion for

Summary Judgment [ECF No. 40], is hereby granted, and the Complaint filed by Donnie

Singleton is dismissed with prejudice.  Final Judgment in favor of all Defendants shall be

entered on this date.

Since this case is dismissed due to Singleton's failure to state a claim upon which

relief may be granted and as legally frivolous under 28 U.S.C. § 1915(e)(2), a provision of

the Prison Litigation Reform Act, it will be counted as a "Strike."[1]  If Singleton receives

"three strikes," he will be denied *in forma pauperis* status and required to pay the full filing

fee to file a civil action or appeal.

SO ORDERED this the 1st day of August, 2011.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[1]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."